IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN LEE GRIFFIN,

        Petitioner,

v.                                Civil Action No. 3:07CV149
                                (JUDGE BAILEY)

JOYCE FRANCIS,

        Respondent.

**REPORT AND RECOMMENDATION THAT
PETITION UNDER 28 U.S.C § 2241 BE DENIED**

**I.  INTRODUCTION**

On November 14, 2007, the *pro se* petitioner, John Lee Griffin, an inmate at FCI Gilmer,

West Virginia, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 seeking "jail

credit."[1]  On November 29, 2007, petitioner paid the $5.00 filing fee.[2]  Determining that

summary dismissal was not warranted, an Order to Show Cause was issued against the

respondent on December 6, 2007.[3]  On January 3, 2008, the respondent filed a Motion for

Extension of Time to File Answer,[4] which was granted on January 4, 2008.[5]  Petitioner filed a

---

[1]Docket No. 1

[2]Docket No. 4

[3]Docket No. 5

[4]Docket No. 7

[5]Docket No. 8

Motion to Supplement the Records on January 30, 2008,[6] which was granted on June 2, 2008.[7] The respondent filed a Response to Order to Show Cause on February 4, 2008.[8] The petitioner filed a Reply on February 15, 2008.[9]

## II. FACTS

Petitioner committed the instant federal offense of Distribution of Cocaine Base, in violation of Title 21, United States Code, Section 841(a)(1) on September 10, 2004, while on Mandatory Release Supervision for the State of Wisconsin. (Doc. 11-3, p. 1) (Doc. 11-5). On December 21, 2004, petitioner was arrested by local authorities in Rock County, Wisconsin for a state Probation (Mandatory Release) Violation and numerous state drug offenses. (Doc. 11-5) (Doc. 11-6). On December 21, 2004, federal authorities filed a detainer against petitioner. (Doc. 11-6).

Petitioner was transferred to federal custody on June 22, 2005 pursuant to a writ of habeas corpus *ad prosequendum* to face federal sentencing. (Doc. 11-4) (Doc. 11-7). Petitioner was sentenced to 130 months imprisonment for Distribution of Cocaine Base. (Doc. 11-3, p.2). Petitioner was immediately returned to state authorities at the conclusion of the sentencing hearing. (Doc. 11-4) (Doc. 11-7).

On October 19, 2005, the State of Wisconsin revoked petitioner's Mandatory Release Supervision. (Doc. 11-5). On October 26, 2005, the State of Wisconsin prepared a Mandatory

---

[6]Docket No. 9

[7]Docket No. 14

[8]Docket No. 11

[9]Docket No. 13

Release Violation computation for petitioner, based on a 1-year and 6-month revocation term, commencing December 21, 2004.  After applying credit against the mandatory release revocation term in the amount of 8 months and 14 days, state authorities determined that petitioner's state sentence expired on October 7, 2005.  (Doc. 11-8).  On October 26, 2005, Wisconsin authorities released petitioner to the custody of federal authorities.  (Doc. 11-7).

The Bureau of Prisons credited petitioner 18 days towards his federal sentence for the period October 8, 2005 (expiration of state sentence) through October 25, 2005 (relinquishment to federal authorities).  (Doc. 11-4).

In completing their sentence computation, the Bureau of Prisons wrote the federal court that sentenced petitioner asking if the court wanted to make a retroactive *nunc pro tunc* designation on petitioner's sentence.  (Doc. 11-9).  Based upon the record now before the court, there is no indication whether the federal sentencing court responded.  However, the Bureau of Prisons calculates that if a retroactive *nunc pro tunc* designation is made, petitioner's projected release date would be December 31, 2014; whereas the denial of a retroactive designation would result in a projected release date of May 3, 2015.  (Doc. 11-2, p. 3).

### III.  ISSUES PRESENTED

**A.**     **The Petition**

The petitioner claims that he is entitled to prior custody credit for the time period beginning December 21, 2004, and ending October 19, 2005, asserting that he was arrested by federal officials, and therefore was under federal jurisdiction beginning  December 21, 2004.

**B.**     **Response to Order to Show Cause**

The respondent argues that petitioner's sentence is properly calculated because:

(1)     petitioner was arrested by local authorities on December 21, 2004, therefore, petitioner was in state primary custody;

(2)     the Bureau of Prisons is not required to grant a *nunc pro tunc* designation; and

(3)     petitioner is not entitled to receive federal sentence credit for time spent serving a state sentence.

## C.     Petitioner's Reply

The petitioner asserts that he was not seeking a retroactive *nunc pro tunc* designation, rather petitioner claims that he seeks federal sentencing credit with a commencement date of December 21, 2004.

## IV.  ANALYSIS

In general, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a). Nevertheless, in some cases, a federal sentence may begin prior to the date the Attorney General gains physical custody of the defendant.  Title 18 U.S.C. Section 3621(b) gives the Bureau of Prisons the authority to "designate the place of [a] prisoner's imprisonment."  Therefore, when a federal court orders its sentence to run concurrently with a previously imposed state sentence, a *nunc pro tunc* designation can be made, whereby the Bureau of Prisons designates a state facility as the place for service of a federal sentence.  See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(a federal sentence may commence on a defendant who is already in state custody "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence.")

However, the mere fact that a state prisoner is in federal court pursuant to a federal writ of habeas corpus *ad prosequendum* does not mean that the prisoner's federal sentence commenced. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Id. at 912. See also Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992)("A prisoner is not even in custody for purposes of section 3568 when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities.").

The Attorney General, through the Federal Bureau of Prisons, is responsible for computing federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

(emphasis added).

The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, supra at 337. Therefore, under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence. See U.S. v. Brown, 977 F.2d 574 (4th Cir, 1992)(Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences **unless it has been credited against another sentence**). (emphasis added); U.S. v. Goulden, 54 F.3d 774 (4th Cir. 1995)(credit is only available for time spent in custody which has not been credited against another sentence).

In the instant case, Wisconsin established primary jurisdiction over petitioner beginning December 21, 2004 when state authorities arrested petitioner. (Doc. 11-5) (Doc. 11-6). Wisconsin did not relinquish that jurisdiction over petitioner until October 26, 2005, when state authorities satisfied the federal detainer against petitioner by releasing petitioner into the custody to federal authorities. (Doc. 11-7). The Bureau of Prisons granted petitioner eighteen days of prior custody credit for the period beginning October 8, 2005 (expiration of state sentence) through October 25, 2005 (relinquishment to federal authorities). (Doc. 11-4). Because the petitioner cannot receive double credit, he is not entitled to receive any further credit against his federal sentence. The fact that the Bureau of Prisons is considering, or may have decided to grant petitioner a retroactive *nunc pro tunc* designation is immaterial to this Court's decision. The Bureau of Prisons retains the authority to designate a prisoner's place of imprisonment and the BOP is under no obligation to grant a prisoner's *nunc pro tunc* request. See Jones v. Winn, 2001 WL 741733 at *3 (C.A.7 Ill.) ("BOP has broad statutory discretion to designate any correctional facility as the place of confinement for service of a federal sentence, and must consider a nunc pro tunc designation request but has no obligation to grant it.").

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that petitioner's § 2241 be **DENIED AND DISMISSED WITH PREJUDICE.**

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John P. Bailey, United States District

Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: July 17, 2008

      /s/ James E. Seibert
      JAMES E. SEIBERT
      UNITED STATES MAGISTRATE JUDGE